```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                CASE NO. 9:16-cv-80481-BLOOM/VALLE
```

| | |
|---|---|
| WORLD SATELLITE TELEVISION NEWS AND MEDIA RELATIONS, INC., a Florida corporation,<br><br>       v.<br><br>PURE GROWN DIAMONDS, INC., a foreign corporation, f/k/a/ GEMESIS, INC.<br><br>and<br><br>IIA TECHNOLOGIES PTE. LTD, a foreign private limited company, | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**PURE GROWN DIAMONDS, INC.'S
ANSWER and AFFIRMATIVE DEFENSES**

1. Denied. Pure Grown Diamonds, Inc., f/k/a Gemesis, Inc. ("Pure Grown Diamonds") denies the averments of paragraph 1 as conclusions of law to which no response is required.

2. Admitted upon information and belief.

3. Admitted upon information and belief. That is how World Satellite Television News and Media Relations, Inc. ("WSTN") described itself to Pure Grown Diamonds.

4. Admitted.

5. Denied as stated. It is admitted only that defendant IIa Technologies Pte. Ltd. ("IIa Technologies") is a private limited company registered in Singapore. IIa Technologies has not been served with the complaint.

6. Admitted.

7. Admitted in part. Pure Grown Diamonds believes that it is the largest retailer-distributor of IIa laboratory grown diamonds.

8. Admitted in part denied in part. Pure Grown Diamonds and IIa Technologies are affiliated and both were parties to WSTN's contract with Pure Grown Diamonds. Whether Pure Grown Diamonds and IIa Technologies are "owned by, and part of" IIa Holdings Group is a legal conclusion and is denied.

9. Denied. Venue and jurisdiction are proper in any "court of law in Palm Beach County, Florida," which includes the United States District Court for the Southern District of Florida, West Palm Beach Division.

10. Denied as stated. It is admitted that the parties entered into a contract dated October 30, 2014, signed by Lisa Bissell for Pure Grown Diamonds on November 3, 2014.

11. Denied. Pure Grown Diamonds denies the averments of paragraph 11 as conclusions of law to which no response is required, and state that plaintiff has attached only portions of the contract to the complaint, with substantial redactions, and it is the complete contract and addenda, the terms of which are stated in those writings, that govern the obligations of the parties.

12. Denied. It is denied that WSTN satisfactorily performed its services under the contract and addenda. To the contrary, WSTN failed to perform its services satisfactorily, and breached the contract in multiple respects including, among other things, breaching Section 3, the "Professional Standards" section

of the contract when WSTN's principal Bryan Glazer, who performed all of the work under the contract, was arrested for possession of cocaine; breaching Section 2 of the contract by disseminating materials to and corresponding with third parties, including Pure Grown Diamonds' customers, without first obtaining the approval of Pure Grown Diamonds; failing to submit timesheets as requested by Pure Grown Diamonds; failing to timely submit complete proposals to Pure Grown Diamonds; and communicating with Pure Grown Diamonds in an unprofessional manner.  Bryan Glazer, the principal of WSTN and the person who did all WSTN's work for Pure Grown Diamonds, was arrested for possession of cocaine on April 23, 2015.  Because WSTN's work inextricably involved Glazer serving as a representative of Pure Grown Diamonds, Glazer's arrest for cocaine possession made it impossible for Glazer/WSTN to perform the contract.

13. Denied.  Pure Grown Diamonds denies the averments of paragraph 13 as conclusions of law to which no response is required.  By way of further answer, the contract is a writing which contains its terms.

14. Admitted in part, denied in part.  It is admitted that on or about January 20, 2015, WSTN and Pure Grown Diamonds entered into a contract addendum.  Pure Grown Diamonds denies any characterization of that contract addendum, and states that the contract addendum is a writing which contains its terms.

15. Admitted in part, denied in part.  It is admitted that the document attached as exhibit B to the complaint is page one of a two-page document.  It is denied that exhibit B is a

3

complete document.  It is the complete contract and addenda, the terms of which are stated in those writings, that govern the obligations of the parties.

16.  Pure Grown Diamonds denies the averments of paragraph 16 as conclusions of law to which no response is required.  By way of further answer, the contract and addenda are writings which contain their terms, except it is admitted that WSTN accurately quoted from the contract addendum.

17.  Admitted in part, denied in part.  It is admitted that on or about May 14, 2015, Pure Grown Diamonds terminated the contract and addenda.  It is denied that Pure Grown Diamonds terminated the contract and addenda "in the absence of any occurrence permitting termination and in the absence of any material breach."  To the contrary, Pure Grown Diamonds, through counsel, identified breaches of contract in its letter to WSTN terminating the contract and addenda.

18.  Denied.  Pure Grown Diamonds denies that Pure Grown Diamonds breached the contract and addendum, and states specifically:

a.  Pure Grown Diamonds denies that Pure Grown Diamonds wrongfully terminated the contract and addendum;

b.  Pure Grown Diamonds denies that Pure Grown Diamonds owes WSTN payments of further amounts through the date of expiration;

c.  Pure Grown Diamonds denies that Pure Grown Diamonds has refused to pay for television production costs and services, travel expenses or travel days;

4

    d. Pure Grown Diamonds denies that Pure Grown Diamonds hampered communication with Pure Grown Diamonds' CEO;

    e. Pure Grown Diamonds denies that Pure Grown Diamonds made unauthorized or prohibited communication with vendors, suppliers, strategic partners or news media organization editors, reporters or producers who were first introduced to Pure Grown Diamonds by WSTN or contacted by WSTN;

    f. Pure Grown Diamonds denies that Pure Grown Diamonds made unauthorized or prohibited contacts with news release distribution services, news organizations, or others introduced to Pure Grown Diamonds and/or IIa Technologies by WSTN;

    g. Pure Grown Diamonds denies that Pure Grown Diamonds made unauthorized transfer of video and photographic materials;

    h. Pure Grown Diamonds denies that Pure Grown Diamonds made unauthorized use of electronic press kits.

  19. Denied.  Pure Grown Diamonds denies the averments of paragraph 19 as conclusions of law to which no response is required.  To the extent the averments of paragraph 19 may be deemed to state averments of fact, Pure Grown Diamonds denies that Pure Grown Diamonds caused WSTN to sustain any injuries or damages, and deny the occurrence of any event or condition that would make IIa Technologies responsible for the performance of Pure Grown Diamonds.

  20. Denied.  It is denied that Pure Grown Diamonds breached the contract or addenda, denied that WSTN has been

injured or is entitled to any damages or other relief, and denied that Pure Grown Diamonds or IIa Technologies should be held liable to WSTN for any damages, and Pure Grown Diamonds denies the need to respond to the averments to the extent they constitute conclusions of law.

21.  Denied.  It is denied that Pure Grown Diamonds breached the contract or addenda as set forth in paragraphs 18e-h, denied that plaintiff will suffer irreparable harm if the state of affairs as of May 13, 2015, is not maintained, and Pure Grown Diamonds denies the need to respond to the averments to the extent they constitute conclusions of law.

22.  Denied.  It is denied that Pure Grown Diamonds breached the contract or addenda as set forth in paragraphs 18e-h, denied that plaintiff has no adequate remedy at law, and Pure Grown Diamonds denies the need to respond to the averments to the extent they constitute conclusions of law.

23.  Denied.  It is denied that Pure Grown Diamonds breached the contract or addenda as set forth in paragraphs 18e-h, denied that plaintiff has a substantial likelihood of success on the merits, or that temporary or permanent injunctive relief would serve the public interest, and Pure Grown Diamonds denies the need to respond to the averments to the extent they constitute conclusions of law.

24.  Denied.  It is denied that Pure Grown Diamonds breached the contract or addenda as set forth in paragraphs 18e-h, denied that WSTN is entitled to any preliminary or permanent injunctive relief, and Pure Grown Diamonds denies the need to

respond to the averments to the extent they constitute conclusions of law.

25. Denied.  It is denied that WSTN has performed all of its obligations under the contract and/or addenda, except Pure Grown Diamonds denies the need to respond to the averments to the extent they constitute conclusions of law.

26. Denied.  Pure Grown Diamonds denies the averments of paragraph 26 as conclusions of law to which no response is required.

27. Denied.  Pure Grown Diamonds lacks knowledge or information sufficient to either admit or deny the averments of paragraph 27 concerning the arrangement between plaintiff and its counsel, and therefore deny the averments, and Pure Grown Diamonds denies the need to respond to the averments to the extent they constitute conclusions of law.

28. Denied.  Pure Grown Diamonds denies the averments of paragraph 28 as conclusions of law to which no response is required.  By way of further answer, the contract is a writing which contains its terms.

## AFFIRMATIVE DEFENSES

29. The complaint is barred by the doctrine of unclean hands.  Bryan Glazer, the principal of WSTN and the person who did all WSTN's work for Pure Grown Diamonds, was arrested for possession of cocaine on April 23, 2015.

30. The complaint is barred by the doctrines of waiver and estoppel. By Glazer's personal behavior with Pure Grown Diamonds and as Pure Grown Diamonds' representative, including

his arrest, he waived his right to enforce this personal service public relations contract and is estopped from enforcing the contract.

31.  The complaint is barred by the doctrine of justification.  Because WSTN's work inextricably involved Glazer serving as a representative of Pure Grown Diamonds, Glazer's arrest for cocaine possession made it impossible for Glazer/WSTN to perform the contract as contemplated by Pure Grown Diamonds, so Pure Grown Diamonds is justified in terminating it.

32.  There is a failure of consideration.  WSTN's consideration for the contract is that Glazer's background, character, and personality would allow him to be Pure Grown Diamonds' representative to the media and potential customers by "creat[ing] and execut[ing] news-making campaigns for" Pure Grown Diamonds.  Complaint ¶ 3.  Glazer's background, character and personality, as exemplified by his arrest for cocaine possession, showed that he could not perform the contract and that Glazer's consideration failed.

33.  If WSTN suffered any damage or loss, such damage or loss was caused by the illegal and other acts, omissions, improper and unprofessional conduct of Bryan Glazer, the principal of WSTN.

WHEREFORE, Pure Grown Diamonds requests judgment in favor of Pure Grown Diamonds and IIa Technologies and against WSTN, together with such other relief as the Court deems appropriate.

**SHUTTS & BOWEN LLP**
*Attorneys for Defendant, Pure Grown*
CityPlace Tower, Suite 1100
525 Okeechobee Boulevard
West Palm Beach, Florida 33401
Telephone:  (561) 835-8500


By: */s/ Arnold L. Berman*
    Arnold L. Berman
    Florida Bar No. 236241
    aberman@shutts.com


James P. Golden
Michael E. Sacks
PA ID. Nos. 32169, 39774
HAMBURG & GOLDEN, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443
(215) 255-8590
goldenjp@hamburg-golden.com
sacksme@hamburg-golden.com
*Petitions for admission pro hac
    vice to be filed*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing answer and affirmative defenses was sent via e-mail on this 31 day of March 2016, to:

Charles L. Pickett, Esquire
Ciklin Lubitz and O'Connell
515 North Flagler Drive, 20th Floor
West Palm Beach, FL 33401
Telephone: 561-832-5900
Facsimile: 561-833-4209
E-Mail: cpickett@ciklinlubitz.com
*Attorneys for Plaintiff*

                    *s/ Arnold L. Berman*
                    Of Counsel

9