## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 9:16-cv-80481-BLOOM/Valle

WORLD SATELLITE TELEVISION
NEWS AND MEDIA RELATIONS, INC., a
Florida corporation,

v.

PURE GROWN DIAMONDS, INC., a
foreign corporation, f/k/a/ GEMESIS, INC.

### DEFENDANT PURE GROWN DIAMONDS, INC.'S MOTION
### TO OVERRULE OBJECTIONS AND COMPEL ANSWERS TO INTERROGATORIES

For the reasons set forth below, defendant Pure Grown Diamonds, Inc. respectfully requests that the Court overrule plaintiff World Satellite Television News and Media Relations, Inc.'s objections to Pure Grown Diamonds' interrogatories 1, 2, 3, 5, and 8, and enter the attached Order requiring World Satellite Television News to answer the interrogatories fully.

**I.      Background**

Defendant, Pure Grown Diamonds, Inc. is an innovative, entrepreneurial company that produces gem quality diamonds for the luxury market that are conflict free and environmentally "green."  In November 2014, Pure Grown Diamonds contracted with plaintiff, World Satellite Television News and Media Relations, Inc. (World Satellite Television News), through its principal Bryan Glazer, to provide media relations services.  Under the contract, Glazer was to work closely and cooperatively with Pure Grown Diamonds' executive team.

World Satellite Television News claims that Pure Grown Diamonds wrongfully terminated the parties' contract in April 2015.  Pure Grown Diamonds contends that it justifiably terminated the parties' contract because of the unprofessional and increasingly erratic behavior

of Bryan Glazer, which included alienating and offending the leadership of Pure Grown Diamonds and others inside and outside the company, and which came to a head when Glazer was arrested for possession of cocaine on April 23, 2015.

To support its defense that Glazer's conduct was unprofessional and erratic, and to counter Glazer's position that he was not unprofessional, Pure Grown Diamonds served interrogatories to discover, among other things, the extent to which Glazer's personal problems spilled over into his professional life. Pure Grown Diamonds' interrogatories asked Glazer to reveal all other times he has been arrested and other information related to that subject, but Glazer refused to do so. The interrogatories and objections at issue are:

1.   Aside from your arrest for possession of cocaine on 4/23/15, state every time you have been arrested, including the date, location and the offense.

**ANSWER:**

**Objection:  This interrogatory seeks information that is irrelevant to any party's claim or any valid defense, is not reasonably calculation to lead to the discovery of admissible evidence (see e.g., Fed.R.Evid. 404; Fla.R.Evid. 90.404), and is imposed for the impermissible purposes of undue embarrassment and annoyance.**

2.   For each time you have been arrested, including your arrest on 4/23/15, state the outcome (dismissal, conviction, guilty plea, etc), and the sentence or penalty imposed, if any.

**ANSWER: As to the arrest of 4/23/15, no charges were filed.**

**Objection:  As to the remained of this request, this interrogatory seeks information that is irrelevant to any party's claim or any valid defense, is not reasonably calculation to lead to the discovery of admissible evidence (see e.g., Fed.R.Evid. 404; Fla.R.Evid. 90.404), and is imposed for the impermissible purposes of undue embarrassment and annoyance.**

3.   Have you ever had a criminal conviction expunged?  If so, identify the offense, the court in which you were convicted, and the date of expungement.

2

**ANSWER:**

    **[Same objection as No. 1.]**

5.      Either before or after your arrest for possession of cocaine on 4/23/15, have you been treated for substance abuse?  If yes, identify each treatment program in which you participated and the dates of treatment.

**ANSWER:**

    **[Same objection as No. 1.]**

8.   Other than this lawsuit, has WSTN or Bryan Glazer ever sued or been sued by a client?  If so, identify each such lawsuit, including the caption, forum and status of the suit.

    **ANSWER:**

**Objection:  This interrogatory seeks information that is irrelevant to any party's claim or any valid defense, is not reasonably calculation to lead to the discovery of admissible evidence.**

A copy of the interrogatories and World Satellite Television News's answers and objections is attached as Exhibit 1.

Because the interrogatories seek information that is relevant to Pure Grown Diamonds' defense that Glazer had been acting in an erratic and unprofessional manner that justified terminating the contract for violation of the professionalism requirement, the Court should overrule the objections and compel complete answers to the interrogatories.

## II.    Argument

###     A.    The Information that Pure Grown Diamonds Seeks is Relevant to Its Defense.

Fed. R. Civ. P. 26(b)(1) sets the scope of discovery:

... Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information,

the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Section 3 of the parties' contract, the "Professional Standards" section, required Glazer to provide services "in a manner consistent with widely accepted, honest, accurate, and credible professional practices and methodologies."  Exhibit 2.[1]  Pure Grown Diamonds personnel had many conflicts with Glazer, over a period of months, during which he acted in a rude and disrespectful manner toward Pure Grown Diamonds' leadership.  His behavior was unusual in a world where people treat their clients with respect and a degree of deference.  His arrest on charges of cocaine possession on April 23, 2015, was not only a "last straw" in terms of what Pure Grown Diamonds could tolerate, it also provided a possible explanation for Glazer's erratic behavior.

Pure Grown Diamonds now must defend its termination of the contract in court.  Pure Grown Diamonds' answer and affirmative defenses include the following:

12.   ... WSTN failed to perform its services satisfactorily, and breached the contract in multiple respects including, among other things, breaching Section 3, the "Professional Standards" section of the contract when WSTN's principal Bryan Glazer, who performed all of the work under the contract, was arrested for possession of cocaine ...

30.   The complaint is barred by the doctrines of waiver and estoppel.  By Glazer's personal behavior with Pure Grown Diamonds and as Pure Grown Diamonds' representative, including his arrest, he waived his right to enforce this personal service public relations contract and is estopped from enforcing the contract.

31.   The complaint is barred by the doctrine of justification.  Because WSTN's work inextricably involved Glazer serving as a representative of Pure Grown Diamonds, Glazer's arrest for cocaine possession made it impossible for Glazer/WSTN to perform the contract

---

[1]   Exhibit 2 is the redacted version of the contract that World Satellite Television News attached to the complaint.

as contemplated by Pure Grown Diamonds, so Pure Grown Diamonds is justified in terminating it.

Exhibit 3, Answer and Affirmative Defenses.

Pure Grown Diamonds is aware of at least one additional arrest of Glazer, but does not know the specifics.  Information concerning that arrest and possibly others, drug treatment, if any, and whether Glazer has had failed contractual relations with other clients all may be probative on the issue of Glazer's lack of professionalism with Pure Grown Diamonds and the reliability and credibility of his communications to Pure Grown Diamonds.  See Camp v. Correctional Medical Services, CIV. A. 208CV227WKWW, 2008 WL 5157910, *3 (M.D.Ala. 2008).

In Camp, the plaintiffs, a dentist and a dental hygienist, sued defendant for retaliation under Section 1983 when they were not hired to provide prison dental services.  The retaliation claim related to the fact that they had previously worked for another company that supplied prison health services, and had reported misconduct by their supervisor and mistreatment of inmates.  The defendant asserted that it did not hire the two because they had falsified time records at the other company, not because of the reports of misconduct.  In response to the plaintiff's discovery requests for complete personnel files of other employees, the defendant withheld arrest histories on the grounds of relevance, but the Court ordered the records produced as relevant to the credibility of the defendant's explanation for its actions:

> The plaintiffs also argue that the arrest histories and "licensing information" of other CMS employees is necessary to challenge the defendants' reasons for not hiring Camp and Martindale. According to the plaintiffs, this information goes to the truthfulness of the defendants' explanations for not hiring Camp and Martindale and is necessary to attack the defendants' reasons as pretextual. While the plaintiffs again seek broad discovery, the court cannot say that some information regarding criminal convictions or employment misconduct, even if inadmissible at trial, will not lead to discoverable information.

Accordingly, the court will require the defendants to produce information about criminal convictions or employment misconduct of any dentist, dental assistant, dental hygienist or other CMS employee in the medical or medical related field who is employed at Limestone. ...

2008 WL 5157910, *3.

Simply put, in a case where Glazer's arrest and erratic behavior is central to Pure Grown Diamonds' defense to Glazer's claim seeking substantial breach of contract damages, the Court should reject the assertion that the information Pure Grown Diamonds seeks is not relevant.

**B.     The Court Should Reject Plaintiff's Objection that the Interrogatories Are Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence.**

World Satellite Television News also objects on the grounds that the interrogatories in question are not reasonably calculated to lead to the discovery of admissible evidence, citing Fed. R. Evid. 404 and its Florida counterpart, which relate to admissibility of criminal convictions to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.  The question of admissibility, however, is not before the Court.

The scope of discovery is broader than, and not dependent upon, admissibility at trial.  In Harrison v. Burlage, 08-80989-CIV, 2009 WL 2230794 (S.D.Fl. 2009), the Court rejected the plaintiff's argument that the defendant impermissibly sought to elicit inadmissible character evidence and ordered discovery of information regarding the circumstances of plaintiffs' arrest and manner and extent of their punishment of their children.  The Court said it would deal with the question of the admissibility of such information, if appropriate, before trial:

Information regarding Plaintiffs' methodology and extent of punishment regarding Plaintiff Tabitha Harrison's children bears on, or reasonably could lead to other matters bearing on, Plaintiffs' allegations of peacefulness the night of their arrests. Plaintiffs argue Defendants appear

> to impermissibly seek inadmissible character evidence. The Court need not reach this issue at this time, however, because Rule 26(b) expressly allows for discovery of information that is not admissible at trial as long as such discovery appears reasonably calculated to lead to the discovery of admissible evidence.

2009 WL 2230794, *4-5.

The 2015 amendment to Fed. R. Civ. P. 26(b)(1) made explicit that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable."  The Advisory Committee note to the 2015 amendments states:

> The "reasonably calculated" phrase has continued to create problems, however, and is removed by these amendments.  It is replaced by the direct statement that "Information with this scope of discovery need not be admissible in evidence to be discoverable."  Discovery of nonprivileged information not admissible in evidence remains available so long as it is otherwise within the scope of discovery.

Fed. R. Civ. P. 26, 2015 Advisory Committee note.

Accordingly, the Court should reject World Satellite Television News's objection that the information sought is not reasonably calculated to lead to the discovery of admissible evidence.

**C.    The Court Should Reject World Satellite Television News's Objection that the Interrogatories Were Imposed to Cause Undue Embarrassment and Annoyance.**

In response to each of the interrogatories addressing Glazer's arrest history and/or drug treatment, he objected, in part, on the grounds that the interrogatory was "imposed for the impermissible purposes of undue embarrassment and annoyance."

If Bryan Glazer's arrest had nothing whatsoever to do with Pure Grown Diamonds' termination of its contract with World Satellite Television News, and was not central to its defense in this breach of contract case, then the objection that the interrogatories were intended to harass and annoy him might have some merit.  The opposite is true however.

7

Glazer's arrest for possession of cocaine was the culminating event that led to termination of the contract for violating the professionalism requirement, and is central to Pure Grown Diamonds' defense.  Glazer brought this lawsuit knowing that his arrest for cocaine possession was at issue as it pertained to his erratic and unprofessional behavior.  Questions about additional arrests and related information are likewise relevant to Pure Grown Diamonds' defense.

While Glazer may indeed be embarrassed by the information requested in discovery, such embarrassment is not "undue" in the context of this lawsuit, and the information is not sought for the purpose of causing such embarrassment or annoyance.  Pure Grown Diamonds is asking for facts, and the Court should require World Satellite Television News to provide the facts because they are relevant to the case. Lastly, plaintiff's answers to the interrogatories were not verified and were not signed by the person providing the answers in violation of the Federal Rule of Civil Procedure 33(b)(5).

WHEREFORE, Pure Grown Diamonds respectfully requests that the Court overrule World Satellite Television News's objections and require World Satellite Television News to provide complete verified answers to the interrogatories within 10 days.

## LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERENCE

I, Michael E. Sacks, certify that I am one of the attorneys representing the defendant, Pure Grown Diamonds, Inc., and that on August 8, 2016, I spoke by telephone with Charles Pickett, Esquire, counsel for World Satellite Television News and Media Relations, Inc., in a good faith attempt to resolve the foregoing discovery dispute without a motion.  We were not able to resolve the disputes.

RESPECTFULLY SUBMITTED,

_____

**SHUTTS & BOWEN LLP**
*Attorneys for Defendant, Pure Grown Diamonds, Inc.*
CityPlace Tower, Suite 1100
525 Okeechobee Boulevard
West Palm Beach, Florida 33401
Telephone:  (561) 835-8500

By: */s/ Arnold L. Berman*
    Arnold L. Berman
    Florida Bar No. 236241
    aberman@shutts.com

**HAMBURG & GOLDEN, P.C.**
JAMES P. GOLDEN
MICHAEL E. SACKS
PA ID Nos. 32169 and 39774
1601 Market Street, Ste. 565
Philadelphia, PA  19103-1443
Telephone:  215-255-8590

Attorneys for Defendant, Pure Grown Diamonds
Admitted *Pro Hac Vice*

9

## CERTIFICATE OF SERVICE

I, Michael E. Sacks, hereby certify that a true and correct copy of the foregoing was served by electronic filing on August 18th, 2016 on all counsel of record on the Service list below.

/s/ *Michael E. Sacks*
Michael E. Sacks

## SERVICE LIST

Charles L. Pickett
Ciklin Lubitz and O'Connell
515 North Flagler Drive, 20th Floor
West Palm Beach, FL 33401
Tel:(561) 832-5900
Fax: (561) 833-4209
CPickett@ciklinlubitz.com
*Attorneys for Plaintiff*

JAMES P. GOLDEN
MICHAEL E. SACKS
HAMBURG & GOLDEN, P.C.
1601 Market Street, Ste. 565
Philadelphia, PA 19103-1443
Telephone: 215-255-8590
sacksme@hamburg-golden.com
goldenjp@hamburg-golden.com
Admitted *Pro Hac Vice*

Arnold Berman
CityPlace Tower, Suite 1100
525 Okeechobee Boulevard
West Palm Beach, Florida 33401
Telephone: (561) 835-8500
ABerman@shutts.com
*Attorneys for Defendant, Pure Grown Diamonds*